UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN KODATT, | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-3252-JBM |
| J. B. PRITZKER, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff is proceeding *pro se* and, at the time of filing, was incarcerated at the Jacksonville Correctional Center. Plaintiff has since been released on a term of Mandatory Supervised Release "MSR," also known as parole. Plaintiff asserts claims against Illinois Governor J.B. Prtizker, Rob Jeffreys, Director of the Illinois Department of Corrections and various prison officials alleging violation of his equal protection rights. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff claims that he has been held too long in custody and should, under 730 ILCS 5/5-8A, have been released on electronic monitoring and home confinement. Plaintiff is

1

referring to the Illinois Electronic Monitoring and Home Detention Law which provides that individuals convicted of certain crimes are to be subject to an electronic monitoring or home detention program for at least the first 2 years of their parole. 730 ILCS 5/5-8A-3(g). Plaintiff claims that Defendants have not complied with the law and, if they had, he would have been earlier released, subject to the identified conditions.

Plaintiff may not, however, proceed under § 1983 in this, a challenge to the conditions or duration of his confinement. *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* prohibits such a challenge "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. *See Beaven v. Roth*, 74 Fed. Appx. 635, 638 (7th Cir. 2003) quoting *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir.2000) (per curiam). "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody."

While the *Heck-*bar will not apply to individuals who are no longer in custody, a former prisoner may still be considered "in custody," if on parole. *See Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012). "[M]andatory supervised release often entails sufficient restraints on liberty to meet the 'in custody' requirement of habeas corpus." *Id.* at 435. In such a case, habeas relief is available during the period of parole and a § 1983 action accrues only upon its termination. *Savory v. Cannon*, No. 17-204, 2017 WL 5971999, at *3 (N.D. Ill. Dec. 1, 2017) (the *Heck* bar is lifted upon the termination of parole, as then, habeas is no longer available).

It appears, therefore, that Plaintiff must challenge his detention in state court first and pursue all possible appeals or other remedies available in the state court system before filing a *habeas* petition in federal court. 28 U.S.C. § 2254.

Plaintiff, too, must proceed in state court as to the claim that the State officials are not complying with the Illinois Electronic Monitoring and Home Detention Law. "The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim. *Merritte v. Baldwin*, 16-CV-1020-NJR, 2017 WL 67599, at *5 (S.D. Ill. Jan. 6, 2017) (internal citations omitted). *See also*, *Lee v. Godinez*, 2014 IL App (3d) 130677at * 28, 13 N.E.3d 214, 221 (reviewing Illinois Electronic Monitoring and Home Detention Law claim under Illinois Mandamus statute).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot assert a § 1983 damages claim until such time as his conviction has been overturned, expunged or invalidated. This case is closed, and all pending matters are moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4/9/2020                     s/Joe Billy McDade
ENTERED                      JOE BILLY McDADE
                             UNITED STATES DISTRICT JUDGE